# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **FISHER-BARTON BLADES, INC.,** <br><br> PLAINTIFF, <br><br> vs. <br><br> **BLOUNT, INC., DIXON INDUSTRIES, INC. AND FREDERICK MANUFACTURING CORP.,** <br><br> DEFENDANTS. | **CASE NO. 05-C-0460** <br><br> **HONORABLE RUDOLPH T. RANDA** |

## PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, through their respective attorneys, that this litigation arises in a highly competitive industry, that inappropriate disclosure of proprietary or trade secret information could cause decided competitive harm or unfair competitive advantage, and that therefore good cause exists for entry of a protective order under Federal Rule of Civil Procedure 26(c) regarding confidentiality of trade secret or nonpublic confidential research, development, or commercial information that is produced or provided in the course of discovery, and

IT IS FURTHER STIPULATED AND AGREED that pursuant to Eastern District of Wisconsin Civil L.R. 26.4, the Court may enter without further notice or hearing a Protective Order containing the terms and conditions set out below.

## **SCOPE OF THIS ORDER**

1.  Other than as set forth in this Order, all documents and information produced during this lawsuit shall not be considered confidential and may be used by any entity consistent with such entity's legal rights. The parties believe that certain documents and information likely produced during this lawsuit may contain confidential information or trade secrets for which good cause exists to limit their dissemination and, accordingly, the parties agree to the limitations on disclosure set forth in this Protective Order.

2.  Any entity may request that information or documents be designated as "Confidential." Designation of Confidential information must be made by stamping, placing, or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." A receiving entity shall be provided the opportunity to investigate and test the Confidential designation for 30 days after receipt, at which time the receiving entity must either reject in writing the Confidential designation (with the appropriate rationale for rejection) or be deemed to have waived any objections. A receiving entity may request that Confidentiality be removed for a portion of the document. Prior to such agreement or, alternatively, for 30 days after the rejection, all receiving entities shall treat the document and information as Confidential. Should there be disagreement to the Confidentiality designation, the entity desiring the designation shall have the burden of moving the Court for an Order limiting the disclosure.

3.  Material shall only be designated as Confidential when it meets either of the following standards:

   a.  The information is a trade secret as defined under the Uniform Trade Secret Act or

b. The information contains proprietary information which, although not a trade secret, includes confidential research, development, or commercial information which if disclosed would likely cause the designating entity to either lose a significant competitive advantage or incur a significant competitive disadvantage, and the information has been the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

4. Except for documents produced for inspection or pursuant to paragraph 7, below, the designation of Confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection, such documents may be produced for inspection before being designated as Confidential. Once specific documents have been designated for copying, any documents containing Confidential information will then be marked "CONFIDENTIAL" before production. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked CONFIDENTIAL pursuant to this procedure.

5. Any party or non-party to this lawsuit may obtain Confidential treatment for any information disclosed in this litigation so long as such information meets the criteria required by this Order.

6. In answering any interrogatory, request for admission, or part thereof, a party may designate its answer, consistent with the criteria required by this Order, as Confidential by affixing thereto the legend "CONFIDENTIAL."

7. If a producing entity discovers after the production of a document that it has inadvertently failed to designate the document as Confidential material, it may give written notice to the receiving entity that the document is Confidential material, whereupon if the receiving entity agrees that the document meets the criteria required by this Order (i) the

receiving entity shall, to the extent possible, retrieve all copies of the inadvertently produced document from any person or persons in possession of such copies and return them to the producing entity; (ii) the producing entity will simultaneously provide copies of the same document with each page marked "CONFIDENTIAL;" and (iii) thereafter such copies shall be treated as Confidential material. Should the receiving entity disagree that the information meets the criteria required by this Order, such information shall be treated according to paragraph 2 above.

    8.    Portions of depositions may be deemed Confidential only if they meet the required criteria and they are designated as such during the deposition questioning or within thirty (30) days after the conclusion of the deposition. Challenges to such designations shall proceed according to paragraph 2 above.

    9.    Information and documents produced during this lawsuit, which are designated as Confidential under this Order must not be used or disclosed by the receiving entities or counsel for the entities or any persons identified in Paragraph 10 for any purposes whatsoever other than preparing for and conducting this litigation (including appeals).

    10.    The disclosure of any documents or information designated as Confidential under this Order is not permitted other than as follows:

    a.    Disclosure may be made to outside counsel and employees of outside counsel to assist in this lawsuit, and who in the reasonable opinion of counsel need to know such information. Any counsel and such employee must be advised of, and become subject to, the provisions of this Order.

    b.    Disclosure may be made to inside counsel, and to one additional employee of a party in order to provide assistance in the conduct of this litigation who are identified as such in writing to counsel for the other parties at least five business days in advance of their

review of the confidential information so that the producing party may object in writing to such disclosure. FBB identifies Darrel Turner as its designated employee. Blount identifies Dave Parrish as its designated employee. Prior to disclosure, all such persons must be informed of and agree to be subject to the provisions of this Order.

  c. Disclosure may be made to court reporters and videographers. Prior to disclosure, all such persons must agree to be bound by the terms of this Order.

  d. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in this lawsuit. Prior to disclosure to any expert, the individual must be informed of and agree to be subject to the provisions of this Order.

  e. Disclosure may be made to deponents, trial, or hearing witnesses, and their counsel, when necessary for deposition preparation, depositions, trial preparation, trial, or pretrial hearings in the above captioned case.

  f. Disclosure may be made to the Court, its clerks and staff (including the court having jurisdiction of any appeal), and the jury.

  g. Disclosure may be made to independent litigation support services, including document reproduction services, computer imaging services, and demonstrative exhibit services. Prior to disclosure to any such services, such services must agree to be bound by the provisions of this Order.

  11. Except as provided in Paragraph 10, the receiving entities and counsel for the entities must keep the portions of all documents agreed or ordered as Confidential that are received during discovery secure within their exclusive possession. Each person to whom information designated as Confidential is disclosed shall be informed of the terms of this Order and agree to be bound by it before disclosure to such person of any such information.

12. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

13. Information which meets all of the criteria under this Order to be Confidential and which (1) includes corporate strategy, disclosure of which to the employees of other parties would likely be detrimental to the producing entity, or (2) which relates to highly confidential financial, cost, bidding, or pricing data of the producing entity, may be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("Attorneys' Eyes Only Material"). Attorneys' Eyes Only Material shall be subject to all restrictions and conditions that apply to confidential material, and in addition shall be disclosed only to inside and outside counsel in this action, and to the persons described in Paragraph 10.a., 10.c., 10.d., 10.e., 10.f, and 10.g., subject to the condition that prior to disclosure to any eligible person, such person must agree to be bound by the terms of this Order. When Attorneys' Eyes Only Material is used at deposition, hearing, or trial, only those to whom such material may be disclosed may remain in attendance.

14. The parties anticipate that a small number of documents will only be available to outside counsel. Only documents containing pricing information and corporate strategy will fall into this category. They will be designated "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY." Outside Attorney's Eyes Only material shall be subject to all restrictions and conditions that apply to Attorney's Eyes Only material, and in addition shall be disclosed only to outside counsel in this action, and to the persons described in Paragraph 10.a., 10.c., 10.d., 10.e., 10.f, and 10.g., subject to the condition that prior to disclosure to any eligible person, such person must agree to be bound by the terms of this Order. When Outside Attorneys' Eyes Only

Material is used at deposition, hearing, or trial, only those to whom such material may be disclosed may remain in attendance.

15. Attorneys' Eyes Only material shall be marked with the words "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Outside Attorneys' Eyes Only material shall be marked with the words "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" The process for acceptance or rejection by the receiving entity and, upon rejection, for the producing entity to seek an appropriate order, shall be the same as set forth in paragraph 2 of this Order. The provisions of paragraphs 4, 5, 6, 7, 8, 9, and 11, shall apply to Attorneys' Eyes Only and Outside Attorneys' Eyes Only material as well.

16. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court include information which is Confidential, Attorneys' Eyes Only, or Outside Attorney's Eyes Only, these papers or any portion thereof must be filed under seal by the filing entity with the Clerk of Court in an envelope marked "SEALED." A reference to this Order shall also be made on the envelope. The material submitted under seal shall be accompanied by a motion to seal, a statement that the documents have been marked Confidential, Attorneys' Eyes Only, or Outside Attorney's Eyes Only, and a proposed order for the Court to preclude public access to the documents.

17. This Protective Order shall be applicable to all information which the providing entity has requested to be Confidential, Attorneys' Eyes Only Material, or Outside Attorney's Eyes Only, and produced by any entity pursuant to interrogatories, deposition, requests for production of documents, requests for admissions, subpoenas, or other written discovery requests (whether formal or informal) in connection with the above captioned case, and all such Confidential, Attorneys' Eyes Only, or Outside Attorney's Eyes Only information provided by

any entity in connection with any evidentiary hearings or other proceedings conducted during the course of the above captioned case.

18. Compliance with the terms of this Protective Order shall not be deemed an admission that any documents are admissible in evidence and shall not constitute a waiver of objections concerning further use of the documents. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not (a) operate as an admission that any document or material designated by any other entity as Confidential, Attorneys' Eyes Only, or Outside Attorney's Eyes Only contains or reflects proprietary or other confidential matter, or (b) prejudice in any way the right (i) to seek determination by the Court on notice of whether any particular document or material should be deemed to be Confidential, Attorneys' Eyes Only, or Outside Attorney's Eyes Only, or (ii) to seek relief on notice from any provision of this Protective Order, either generally or with respect to any particular documents.

19. If another court or administrative agency subpoenas or orders production of any Confidential, Attorneys' Eyes Only, or Outside Attorney's Eyes Only materials that an entity has obtained under the terms of this Order, such entity shall promptly notify the entity who produced the materials of the pendency of such subpoena or order, and shall allow the entity who produced the materials a reasonable period of time to oppose or quash the subpoena or order before providing the materials to the person or entity seeking them. Compliance with any subpoena or order shall not be deemed a violation of this Order absent the entry, in advance of the response date for the subpoena or order, of a protective order barring disclosure of the information, and communication of such an order to counsel for the person or entity under subpoena or order.

12. Within thirty (30) days of the conclusion of the above captioned case, including any and all appeals, all material not received in evidence, used during Motion practice, and which are Confidential, Attorneys' Eyes Only, or Outside Attorney's Eyes Only material under

this Order must be returned to the producing entity, or, at the option of the receiving entity, certified to have been destroyed or redacted from the portion of such documents which are not Confidential, Attorneys' Eyes Only, or Outside Attorney's Eyes Only material. This Order shall continue to be binding, and this Court shall retain jurisdiction to enforce this Order, after the conclusion of this litigation.

21. A designation of Confidential, Attorneys' Eyes Only, or Outside Attorney's Eyes Only may be challenged as set forth above. The entity claiming the designation bears the burden of showing that the designation is appropriate. An entity moving to modify this Order to provide for greater restrictions on disclosure must show that such a modification is necessary to protect the movant's trade secret or proprietary interests. Any motion related to the subject matter of this Order must include the statements required by Civil L.R. 37.1.

22. The parties hereby agree, through their undersigned attorneys, that until such time as the Court approves and enters this Protective Order, or alternatively, enters a similar or different protective order relating to confidentiality, they will be bound by and will abide by all terms set forth herein. The parties further agree, through their undersigned attorneys, that discovery will proceed under the terms of this Protective Order regardless of whether the Court has entered the Order at the time the parties' discovery materials are due to be produced.

STIPULATED AND AGREED BY:

| | |
|---|---|
| FISHER-BARTON BLADES, INC., | BLOUNT, INC.,<br>DIXON INDUSTRIES, INC., and<br>FREDERICK MANUFACTURING CORP. |
| s/Jonathan H. Margolies<br>Jonathan H. Margolies<br>MICHAEL BEST & FRIEDRICH<br>100 East Wisconsin Avenue<br>Suite 3300<br>Milwaukee, Wisconsin 53202<br>414. 271.6560 | s/Ronald M. Wawrzyn<br>David W. Axelrod<br>Johnathan E. Mansfield<br>Christopher J. Lewis<br>SCHWABE, WILLIAMSON & WYATT<br>503.222.9981<br><br>Ronald M. Wawrzyn<br>FOLEY & LARDNER LLP<br>777 E. Wisconsin Avenue<br>Milwaukee, Wisconsin 53202<br>414.271.2400 |

**SO ORDERED AND ENTERED this 8th day of December, 2005.**

                                            **BY THE COURT:**

                                            s/ Rudolph T. Randa
                                            **Honorable Rudolph T. Randa**
                                            **Chief Judge**