# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FISHER-BARTON BLADES, INC.,**

        **Plaintiff-Counterdefendant,**

    v.                                                                     Case No. 05-C-460

**BLOUNT, INC.,**
**DIXON INDUSTRIES,**
**and FREDERICK MANUFACTURING CORP.,**

        **Defendants-Counterclaimants.**

## DECISION AND ORDER

On October 20, 2006, the Court filed its October 19, 2006, Decision and Order construing disputed terms in two patents, U.S. Patent Nos. 5,916,114 and 5,899,052 (the "'114 patent" and the "'052 patent," respectively). The defendants Blount, Inc., Dixon Industries, Inc., and Frederick Manufacturing Corp. (collectively the "Defendants") filed a Rule 7.4 expedited motion to modify *Markman* order (Docket No. 59).

Having considered the parties' submissions, the Defendants' Rule 7.4 expedited motion to modify is granted to the extent that the Court corrects the error in transcription at page 15 of its decision which misquotes the Declaration of the Defendants' expert, George Krauss, substituting "above" for "below." Page 15 of the Court's decision is corrected to read:

> Krauss avers that "the marquenching process described in the '114 patent in column 3, lines 66-67 and column 4, lines 1-6, however, calls for the quench temperature to be approximately 500° F., which is well *below* the $M_s$ temperature for 10B38, or any of the listed boron steels."

The Defendants also urge the Court to reconsider its construction of "marquenching," and "austempering," as a result of that transcription error. The error in the quotation is simply an unfortunate transcription error. The Court's October 19, 2006, Decision and Order, was the result of careful consideration of those patent terms under the principles of patent term construction and the submissions of the parties. The Defendants' identification of the misquotation does not affect the Court's reasoning for its construction of the claim terms. Furthermore, in construing the patent terms, the Court was both aware of, and considered the meaning of the term "a" in case law governing patent construction. The Defendants' arguments focus on the singular – but "a" means one or more. *See Free Motion Fitness Inc. v. Cybex, Int'l Inc.*, 423 F.3d 1343, 1350 (Fed. Cir. 2005). Furthermore, that term must be considered as those skilled in the art would consider it. *Conoco, Inc. v. Energy & Envtl. Int'l L.C.*, 460 F.3d 1349, 1362 (Fed. Cir. 2006). Therefore, the Defendants' Rule 7.4 expedited motion to modify *Markman* order is denied in all other respects.

The Defendants' request in their letter dated November 3, 2003, for permission to file a short reply brief or that the Court conduct a short hearing is also denied. No further briefing or hearing on the motion is needed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' Rule 7.4 expedited motion to modify *Markman* order (Docket No. 59) is **GRANTED** to the extent that page 15 of the Court's Decision and Order, filed October 20, 2006, is **CORRECTED** to read:

2

> Krauss avers that "the marquenching process described in the '114 patent in column 3, lines 66-67 and column 4, lines 1-6, however, calls for the quench temperature to be approximately 500° F., which is well *below* the $M_s$ temperature for 10B38, or any of the listed boron steels."

In all other respects, the Defendants' Rule 7.4 expedited motion to modify *Markman* order (Docket No. 59) is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of November, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**